# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KAREN A. CARVELLI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff<br><br>v.<br><br>OCWEN FINANCIAL CORPORATION, RONALD M. FARIS, and MICHAEL R. BOURQUE JR.,<br><br>Defendants. | Case. No 9:17-cv-80500-RLR<br><br>Hon. Robin L. Rosenberg |
| RYAN HUSEMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff<br><br>v.<br><br>OCWEN FINANCIAL CORPORATION, RONALD M. FARIS, and MICHAEL R. BOURQUE JR.,<br><br>Defendants. | Case No. 9:17-cv-80729-DMM<br><br>Hon. Donald M. Middlebrooks |

**OCWEN INVESTOR GROUP'S MOTION TO CONSOLIDATE THE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF <u>COUNSEL WITH INCORPORATED MEMORANDUM OF LAW</u>**

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ............................................................................................... 1

II.  STATEMENT OF FACTS ..................................................................................................... 2

III. ARGUMENT .......................................................................................................................... 3

   A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED...................................... 3

   B.   THE OCWEN INVESTOR GROUP SHOULD BE APPOINTED LEAD
       PLAINTIFF ....................................................................................................................... 4

       1.   THE OCWEN INVESTOR GROUP IS WILLING TO SERVE AS CLASS
           REPRESENTATIVE .............................................................................................. 5

       2.   THE OCWEN INVESTOR GROUP HAS THE LARGEST FINANCIAL
           INTEREST IN THE ACTION ............................................................................... 5

       3.   THE OCWEN INVESTOR GROUP SATISFIES THE REQUIREMENTS OF
           RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ...................... 6

       4.   THE OCWEN INVESTOR GROUP WILL FAIRLY AND ADEQUATELY
           REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO
           UNIQUE DEFENSES ............................................................................................ 8

   C.   THE OCWEN INVESTOR GROUP'S SELECTION OF COUNSEL SHOULD BE
       APPROVED ....................................................................................................................... 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Berckeley Inv. Group., Ltd. v. Colkitt*,
   455 F.3d 195 (3d Cir. 2016) ................................................................................................ 6
*Dura Pharmaceuticals, Inc. v. Broudo*,
   544 U.S. 336 (2005) ............................................................................................................. 6
*Espinoza v. Whiting*,
   No. 4:12-1711, 2013 U.S. Dist. LEXIS 6227 (E.D. Mo. Jan. 16, 2013) ..................................... 6
*Fischler v. Amsouth Bancorporation*,
   176 F.R.D. 583 (M.D. Fla. 1997) ........................................................................................... 7
*Gluck v. Cellstar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) ........................................................................................ 7
*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) ........................................................................................... 7
*In re BP P.L.C. Securities Litigation*,
   MDL No. 10-2185, 2013 U.S. Dist. LEXIS 173303, 2013 WL 6388408 (S.D. Tex. Dec. 6, 2013) ................................................................................................................................. 5
*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-01825, 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) .................................... 6
*In re Milestone Scientific Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998) ................................................................................................ 8
*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................ 7
*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. July 15, 1998) ................................................................................. 7
*K-V Pharm. Co. Sec. Litig.*,
   No. 4:11-1816, 2012 U.S. Dist. LEXIS 62161 (E.D. Mo. May 3, 2012) .................................. 6
*Marjanian v. Allied Nevada Gold Corp.*,
   No. 3:14-cv-0175-LRH-WGC, Order (D. Nev. Nov. 7, 2014), *aff'd*, 2015 U.S. Dist. LEXIS 2782 (D. Nev. Jan. 8, 2015) .................................................................................................. 6
*Newman v. Eagle Building Techs.*,
   209 F.R.D. 499 (S.D. Fla. 2002) ........................................................................................... 3
*Perlmutter v. Intuitive Surgical, Inc.*,
   No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ................................................................................................................................ 5
*Perlmutter v. Intuitive Surgical, Inc.*,
   No. 10-03451, 2011 U.S. Dist. LEXIS 16813 (N.D. Cal. Feb. 15, 2011) ................................. 6
*Prefontaine v. Research In Motion Ltd.*,
   No. 11-4068, 2012 U.S. Dist. LEXIS 4238 (S.D.N.Y. Jan. 5, 2012) ....................................... 6
*Shah v. GenVec, Inc.*,
   No. 8:12-00341, Order (D. Md. Apr. 26, 2012) ..................................................................... 6
*Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*,
   184 F.R.D. 688 (S.D. Fla. 1999) ........................................................................................... 4
*Vandevelde v. China Nat. Gas, Inc.*,
   277 F.R.D. 126 (D. Del. 2011) .............................................................................................. 5

**Rules**

15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(cc) ................................................................................................ 9
Fed. R. Civ. P. 42(a) ........................................................................................................ 3

Movants Randy D. McElhanon and Ryan Huseman (collectively "Movant" or "Ocwen Investor Group") respectfully move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), and 15 U.S.C. § 78u-4(a)(3)), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order:

(1) consolidating the above-captioned related actions (the "Actions");

(2) appointing the Ocwen Investor Group as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of Ocwen Financial Corporation ("Ocwen" or the "Company") during the period between January 13, 2015 and April 20, 2017,[1] both dates inclusive (the "Class Period"); and

(3) approving Lead Plaintiffs' selection of Levi & Korsinsky LLP ("L & K") and Glancy, Prongay & Murray, LLP ("GPM") as Co-Lead Counsel for the Class and Berman DeValerio ("BD") as Liaison Counsel.

This motion is supported by the incorporated memorandum of law and the Declaration of Jay Eng and all Exhibits thereto, and oral argument as may be permitted by the Court.

**MEMORANDUM OF LAW**

I.   **PRELIMINARY STATEMENT**

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Ocwen Investor Group, with a loss of over $190,161.31 in connection with its purchases of Ocwen securities during the Class Period have the largest financial interest in the relief sought in this action. The Ocwen Investor Group further satisfies

---

[1] *Huseman v. Ocwen Financial Corporation*, (docket number-9:17cv80729) alleges a class period ranging from January 13, 2015 through April 20, 2017, while *Carvelli v. Ocwen Financial Corporation*, (docket number-9:17cv80500) alleges that the class period starts May 11, 2015 and concludes April 19, 2017. Movant asserts that the class period alleged in the *Huseman* action should be applied as it is the largest class period and therefore, is the most inclusive of other investors who were harmed by Defendants' fraud.

the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members. Accordingly, the Ocwen Investor Group respectfully submits that it be appointed as Lead Plaintiff.

## II.     STATEMENT OF FACTS

Ocwen Financial Corporation is a diversified financial services holding company. The Company's primary businesses are the acquisition, servicing, and resolution of sub-performing and nonperforming residential and commercial mortgage loans, as well as the related development of loan servicing technology and business-to-business e-commerce solutions for the mortgage and real estate industries. ¶ 2.[2]

This action was commenced on April 21, 2017 against the Company and certain of its officers, and directors, for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder. That same day, Pomerantz LLP disseminated the requisite PSLRA early notice (15 U.S.C. § 78u-4(a)(3)(A)(i)) advising class members of the pendency of the action and the 60 day deadline for any class member to seek appointment as lead plaintiff in this action. *See* Declaration of Jay Eng filed herewith ("Eng Decl."), Ex. A.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Ocwen engaged in significant and systemic misconduct at nearly every stage of the mortgage servicing process; (ii) the foregoing conduct, when it became known would subject the Company to heightened regulatory scrutiny and potential criminal sanctions; (iii) as a result of the foregoing, Ocwen's public statements were materially false and misleading at all relevant times. ¶ 4.

---

[2] Citations to "¶" are references to paragraphs in the Complaint filed in the *Carvelli* action, being the first filed action.

On April 20, 2017, the U.S. Consumer Financial Protection Bureau ("CFPB") issued a press release entitled "Consumer Financial Protection Bureau sues Ocwen for failing borrowers throughout mortgage servicing process," reporting that the Company had generated errors in borrowers' accounts, failed to credit payments, illegally foreclosed on homeowners, and charged borrowers for add-on products without their consent. ¶ 5. On this news, Ocwen's share price fell $2.91, or 53.89%, to close at $2.49 on April 20, 2017. ¶ 7. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages. ¶ 8.

### III. ARGUMENT

#### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *Newman v. Eagle Building Techs.*, 209 F.R.D. 499, 501-02 (S.D. Fla. 2002).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of

the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements. Accordingly, the actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### B. THE OCWEN INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

Sections 21D(a)(3)(B) of the PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group..." that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, the Ocwen Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiffs of the class and, therefore, should be appointed as Lead Plaintiff.

### 1. THE OCWEN INVESTOR GROUP IS WILLING TO SERVE AS CLASS REPRESENTATIVE

The Ocwen Investor Group has timely filed this instant motion pursuant to the early notice and, as set forth in the group members' certifications filed herewith, each attests that they have reviewed the Complaint and are willing to serve as representatives of the class. *See* Eng. Decl. Ex. B-C. Accordingly, the Ocwen Investor Group has satisfied the first requirement to serve as Lead Plaintiff for the class.

### 2. THE OCWEN INVESTOR GROUP HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Vandevelde v. China Nat. Gas, Inc.*, 277 F.R.D. 126, 131-32 (D. Del. 2011). As demonstrated by Exhibits D-E to the Eng Declaration, Movant sustained losses of approximately $190,161.31 in its "retained shares" of Ocwen securities, which were accounted for based on the "last-in-first-out" method of accounting.[3] The "retained shares" approach to calculating losses discounts "in and out" trading, *i.e.*, any realizations occurring prior to when

---

[3] *See In re BP P.L.C. Securities Litigation*, MDL No. 10-2185, 2013 U.S. Dist. LEXIS 173303, 2013 WL 6388408, *41 (S.D. Tex. Dec. 6, 2013)

"• **Retained Share**: This approach involves identifying the number of shares purchased during the class period that are retained at the end of the class period, and 'calculating damages by subtracting the purchase price for these retained shares from either (1) the average of the daily closing price of the stock during the 90 day period beginning at the end of the class period (if the share was not sold during the 90 day period) or (2) the higher of the actual sale price or an average of the daily closing price from the end of the class period to the date of sale (if a share was sold within the 90 day period).' *Perlmutter v. Intuitive Surgical, Inc*., No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, 2011 WL 566814, at *6-7 (N.D. Cal. Feb. 15, 2011).

In the Court's understanding, [that the 'Retained Share' approach is one of the] methods of calculating securities fraud damages. LIFO and FIFO, by contrast, are methods of accounting for sold shares in order to perform the above . . . 'retained share' calculations.

• **LIFO**: Under the LIFO method, shares purchased most recently are assumed to have been sold first."

the defendants' misrepresentations were disclosed, and thus, could have any impact on investors. Realizations made prior to a corrective disclosure cannot sustain inquiries into loss causation, which is a necessary element of any securities fraud claim. *See Berckeley Inv. Group., Ltd. v. Colkitt*, 455 F.3d 195, 222-223 (3d Cir. 2016) (holding that to establish loss causation, a plaintiff must allege that the defendant's misstatement or omission concealed something from the market that negatively affected the value of the security when disclosed); *see also Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). The "retained shares" method is approved and recognized as the appropriate method for calculating losses in various jurisdictions around the country.[4]

To the best of its knowledge, Movant has the largest financial interest in the relief sought by the Class, and is unaware of any other movant with a larger financial interest. Therefore, the Ocwen Investor Group satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. THE OCWEN INVESTOR GROUP SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court

---

[4] Courts has approved and recognized this method as the appropriate method for calculating losses. *Marjanian v. Allied Nevada Gold Corp.*, No. 3:14-cv-0175-LRH-WGC, Order (D. Nev. Nov. 7, 2014), *aff'd*, 2015 U.S. Dist. LEXIS 2782 (D. Nev. Jan. 8, 2015); *Espinoza v. Whiting*, No. 4:12-1711, 2013 U.S. Dist. LEXIS 6227, at *10 (E.D. Mo. Jan. 16, 2013); *Prefontaine v. Research In Motion Ltd.*, No. 11-4068, 2012 U.S. Dist. LEXIS 4238, at *9-*10 (S.D.N.Y. Jan. 5, 2012); *K-V Pharm. Co. Sec. Litig.*, No. 4:11-1816, 2012 U.S. Dist. LEXIS 62161, at *11 (E.D. Mo. May 3, 2012); *Shah v. GenVec, Inc.*, No. 8:12-00341, Order (D. Md. Apr. 26, 2012); *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-03451, 2011 U.S. Dist. LEXIS 16813, at *15 (N.D. Cal. Feb. 15, 2011); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-01825, 2007 U.S. Dist. LEXIS 14878, at *13 (E.D.N.Y. Mar. 2, 2007).

need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 at *49 (S.D.N.Y. July 15, 1998) (*citing Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

The Ocwen Investor Group's claims are typical of those of the Class. The Ocwen Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Ocwen, or omitted to state material facts necessary to make the statements they did make not misleading. Members of the Ocwen Investor Group, as did all members of the Class, purchased Ocwen securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between the Ocwen Investor Group and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant the Ocwen Investor Group's motion to serve as Lead Plaintiff.

## 4. THE OCWEN INVESTOR GROUP WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES

The presumption in favor of appointing the Ocwen Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(a) will not fairly and adequately protect the interest of the class; or
(b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The Ocwen Investor Group meets both of the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class. Not only is there no evidence of conflict between Movant's interests and those of the other members of the putative Class, but the Ocwen Investor Group has a significant and compelling interest in prosecuting the Action based on its large financial losses. *See In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998) (Plaintiff's "financial stake in the litigation provides an adequate incentive for [Plaintiff] to vigorously prosecute the action."). Indeed, the members of the Ocwen Investor Group have already taken significant steps demonstrating that they recognize and will protect the interests of the Class, including: (1) executing certifications detailing their transactions in Ocwen securities and expressing their willingness to serve as the Class representative; (2) moving this Court to be appointed as Lead Plaintiffs; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities fraud. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant sustained the largest amount of losses, it is the presumptive Lead Plaintiffs in accordance with § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such.

### C.  THE OCWEN INVESTOR GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Ocwen Investor Group has selected L & K and GPM as Co-Lead Counsel and BD as Liaison Counsel.  L & K and GPM have been actively researching the class Plaintiffs' claims, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants.  Furthermore, L & K and GPM are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Eng Decl., Ex. F-H (firm résumés of L & K, GPM, and BD, respectively).

As a result of such experience in litigation involving issues similar to those raised in this action, the Ocwen Investor Group's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Ocwen

Investor Group's selection of Lead Counsel, the members of the class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, the Ocwen Investor Group respectfully requests that the Court issue an Order: (1) consolidating the above-captioned related actions; (2) appointing the Ocwen Investor Group as Lead Plaintiff for the Class; (3) approving the Ocwen Investor Group's selection of Levi & Korsinsky LLP and Glancy, Prongay & Murray, LLP as Co-Lead Counsel for the Class and Berman DeValerio as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(3)

Local Rule 7.1(a)(3) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, the Ocwen Investor Group does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, the Ocwen Investor Group respectfully requests that the conferral requirement of Local Rule 7.1(a)(3) be waived.

Dated: June 20, 2017                                     Respectfully submitted,

**BERMAN DEVALERIO**
*/s/ Jay Eng*_____
Jay W. Eng, Esq.
Fla. Bar No. 146676
jeng@bermandevalerio.com
3507 Kyoto Gardens Drive, Suite 200
Palm Beach Gardens, FL 33410
Tel.: (561) 835-9400
Fax: (561) 835-0322

*[Proposed] Liaison Counsel for Lead Plaintiff*

**LEVI & KORSINSKY LLP**
Shannon L. Hopkins
shopkins@zlk.com
*Pro Hac Vice Motion To Be Filed*
733 Summer Street, Suite 304
Stamford, CT 06901
Tel.: (203) 992-4523
Fax: (212) 363-7171

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
*Pro Hac Vice Motions To Be Filed*
lportnoy@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*[Proposed] Co-Lead Counsel for Lead Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June, 2017, I served the foregoing on all counsel of record identified on the below Service List via CM/ECF or by electronic mail.

/s/ Jay W. Eng
Jay W. Eng, Esq.

## SERVICE LIST

*Counsel for Plaintiff Karen Carvelli*
J. Alexander Hood, II, Esquire
POMERANTZ, LLP
600 Third Avenue
Floor 20
New York, New York 10016
Telephone: 212-661-1100
Email: ahood@pomlaw.com

Patrick Dahlstrom, Esquire
POMERANTZ, LLP
10 South LaSalle
Suite 3505
Chicago, Illinois 60603
Telephone: 312-377-1181
Email: pdahlstrom@pomlaw.com

Jayne Arnold Goldstein, Esquire
SHEPHERD FINKELMAN MILLER & SHAH LLP
1625 N. Commerce Parkway
Suite 320
Fort Lauderdale, Florida 33326
Telephone: 954-903-3170
Email: jgoldstein@sfmslaw.com

*Counsel for all Defendants*
Jeffrey Allan Hirsch, Esquire
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, Florida 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477
Email: hirschj@gtlaw.com

John P. Coffey, Esquire
Jonathan M. Wagner, Esquire
Jason M. Moff, Esquire
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9100
Facsimile: 212-715-8456
Email: scoffey@kramerlevin.com ;
jwagner@kramerlevin.com ; and
jmoff@kramerlevin.com