UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KAREN A. CARVELLI, Individually and on
Behalf of All Others Similarly Situated,

                              Plaintiff(s),    Case No. 9:17-cv-80500-RLR

              v.                           **CLASS ACTION**

OCWEN FINANCIAL CORPORATION,
RONALD M. FARIS, and MICHAEL R.
BOURQUE JR,

                              Defendants.

**MOTION AND INCORPORATED MEMORANDUM OF LAW OF THE UNIVERSITY
OF PUERTO RICO RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD
<u>PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**MOTION**

The University of Puerto Rico Retirement System ("UPR Retirement System" or the "System") hereby moves this Court for an order: (i) appointing UPR Retirement System as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4; (ii) approving UPR Retirement System's selection of Abraham, Fruchter & Twersky, LLP as Lead counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

**MEMORANDUM OF LAW**

### I.   PRELIMINARY STATEMENT

This action was commenced as a securities class action on behalf of all those who purchased shares of Ocwen Financial Corporation ("Ocwen") between May 11, 2015, and April 19, 2017, both dates inclusive (the "Class Period") alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Ocwen and the following Ocwen officers during the relevant time period: Ronald M. Faris, and Michael R. Bourque Jr. (collectively with Ocwen, the "Defendants").

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest in the relief sought by the class" who also makes a *prima facie* showing of being a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This motion is made on the grounds that the UPR Retirement System is the most adequate Plaintiff, as defined by the PSLRA, because, to the best of the System's knowledge, it has the largest financial interest of

any moving class member or plaintiff who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* Declaration of Julie Prag Vianale in Support of UPR Retirement System's Motion For Appointment as Lead Plaintiff and Approval of Selection of Cousnel ("Vianale Decl."), Ex. A.

The UPR Retirement System has suffered substantial financial losses in connection with their purchases of Ocwen securities during the Class Period.  *See* Vianale Decl. Ex. A. Furthermore, the System adequately satisfies the requirements of Fed. R. Civ. P. Rule 23 in that its claims are typical of the claims of the putative class and in that the UPR Retirement System will also fairly and adequately represent the interests of the class.  In addition, the UPR Retirement System has selected a law firm with substantial experience in prosecuting securities class actions to serve as lead counsel for the class.

**II.     FACTUAL BACKGROUND**

Ocwen is a financial services holding company. Ocwen's primary businesses are the acquisition, servicing, and resolution of sub-performing and nonperforming residential and commercial mortgage loans, and the development of loan servicing technology. The Complaint alleges that, during the Class Period, Defendants made materially false and misleading statements regarding Ocwen's business, operational and compliance policies.

Specifically, Ocwen failed to disclose that (i) it engaged in significant and systemic misconduct at nearly every stage of the mortgage servicing process; (ii) the foregoing conduct, when it became known would subject Ocwen to heightened regulatory scrutiny and potentially criminal sanctions; and (iii) as a result of (i) and (ii), Ocwen's public statements were materially false and misleading at all relevant times.

On April 20, 2017 the Consumer Financial Protection Bureau issued a press release titled "Consumer Financial Protection Bureau sues Ocwen for failing borrowers throughout mortgage servicing process." On the same day the North Carolina Office of the Commissioner of Banks and state regulators from more than twenty states issued a cease and desist order to Ocwen's subsidiaries as a result of Ocwen's mishandling of consumer escrow accounts and a deficient financial condition.

On this news Ocwen's share price fell $2.91 or 53.89% to close at $2.49 on April 20, 2017.

### III.   ARGUMENT

The UPR Retirement System respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id*.; *see also Durgin v. Tousa, Inc.*, No. 06-cv-61844, 2008 U.S. Dist. LEXIS 76315, at *7-8 (S.D. Fla. July 14, 2008).

### A. THE EXCHANGE ACT PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION

On December 22, 1995, Congress amended the Exchange Act by enacting the PSLRA. Specifically, Section 21D(a)(3)(A)(i) of the Exchange Act provides that, within 20 days after the date on which a class action is filed,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the

3

>purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

On April 21, 2017, a notice was published by Pomerantz LLP on *GlobeNewsWire* announcing the filing of a class action lawsuit in the U.S. District Court for the Southern District of Florida on behalf of purchasers of Ocwen securities. *See* Vianale Decl. Ex. B. The notice advised members of the purported class of the pendency of the action, the claims asserted, the purported Class Period and that anyone who wished to serve as Lead Plaintiff needed to make a motion to the Court no later than 60 days from the date of the notice. As a result, the notice satisfied all the requirements of the PSLRA. *See generally Belmont holdings Corp. v. Suntrust Banks, Inc.*, No. 1:09-cv-01185, 2009 U.S. Dist. LEXIS 92231, at *7-8 (N.D. Ga. Sep. 29, 2009).

Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by purported class members to serve as Lead Plaintiffs in response to any such notice by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate any actions asserting substantially the same claim or claims, and to presume that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons who:

>(aa)  has either filed the complaint or made a motion in the response to a notice . . .;
>
>(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B).

4

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

      (aa)    will not fairly and adequately protect the interests of the class; or

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The PSLRA also provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

### B. THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM SHOULD BE APPOINTED THE LEAD PLAINTIFF FOR THE CLASS

The System satisfies the prerequisites for appointment as Lead Plaintiff. The System has the largest loss of any known member or group of members who have filed a complaint or expressed a desire to serve as Lead Plaintiff. In addition, the UPR Retirement System is typical of the other class members and there are no deficiencies in the System's adequacy which would cause it to be an inappropriate choice to serve as Lead Plaintiff.

#### 1. The System Has Filed A Lead Plaintiff Motion

The first requirement to being appointed a Lead Plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Here, the UPR Retirement System is making such a motion, and by this motion the System satisfies the first prong of the most adequate plaintiff test.

### 2. The System Has The Requisite Financial Interest In The Relief Sought By The Class

The second prerequisite to being appointed a Lead Plaintiff is that "in the determination of the Court, [the plaintiff] has the largest financial interest in the relief sought by the Class" of those persons moving to be appointed Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The UPR Retirement System incurred significant losses during the Class Period. *See* Vianale Decl. Ex. A. The System believes that among those seeking to be appointed Lead Plaintiff it has the largest financial interest in the recovery sought in this action and, accordingly, it is presumed to be the most adequate Lead Plaintiff and should be appointed as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3).

### 3. The System Otherwise Satisfies Rule 23

The Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until

the Lead Plaintiff moves for class certification. *See, e.g.*, *Miller v. Dyadic Int'l, Inc.*, No. 07-cv-80948, 2008 U.S. Dist. LEXIS 32271, at *16 (S. D. Fla. Apr. 18, 2008). As detailed below, the System satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if the claims "share 'the same essential characteristics of the class at large.'" *Prado-Steinman v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. *See* Id.

The System satisfies this requirement because, just like all other members of the Class, its claims arise from the very same course of conduct as the claims of the other members of the Class. The System, as the other members of the Class, purchased Ocwen securities during the Class Period at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and were damaged thereby. Thus, the System's claims are typical of those of the other Class members because its claims and the claims of other Class members arise out of the same course of events.

Rule 23(a)(4) provides that the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of a plaintiff to represent the class to the existence of any conflicts between the interests of the proposed Lead Plaintiff and the members of the Class. The courts in this District have found that the adequacy requirement is satisfied where: (1) Class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the Class member's interests are not antagonistic to other class members; and (3) the Class member has sufficient interest in the

outcome of the case to ensure vigorous advocacy. *See Miller v. Dyadic*, 2008 U.S. Dist. Lexis 32271 at *1 (S.D. Fla. Apr. 18, 2008).

Here, the UPR Retirement System has no conflicts with the interests of the Class. It wants to obtain the maximum recovery for the Class so as to maximize their pro rata share of that recovery. The UPR Retirement System and its counsel have already demonstrated that they will prosecute the claims of the Class vigorously by having executed a certification, acted to file this motion and seeking to assert claims on behalf of the Class.

In addition, as shown below, the System's proposed counsel are highly qualified, experienced and able to conduct this complex litigation vigorously and in a professional manner. *See* Vianale Decl. Ex. C. Thus, the System satisfies the adequacy requirements of Rule 23.

Accordingly, the UPR Retirement System satisfies the requirements of Section 21D(a)(3)(B) and is presumptively the most adequate plaintiff. Unless this presumption is rebutted, the University of Puerto Rico Retirement System must be appointed Lead Plaintiff. *See In re 21st Century Holding co. Sec. Litig*, No. 07-cv-61057, 2007 U.S. Dist. LEXIS 103464, at *9 (S.D. Fla. Nov. 19, 2007).

### D. THE COURT SHOULD APPROVE THE SYSTEM'S CHOICE OF COUNSEL

The Exchange Act provides that the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In that regard, UPR Retirement System has selected and retained Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel. Abraham, Fruchter & Twersky, LLP has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions. *Accord, e.g.*, *Blackmoss Investments, Inc. v. ACA Capital Holdings,*

*Inc.*, No. 07-10528 (RWS), Dkt. No. 15 at 8 (S.D.N.Y. Aug. 11, 2008) (appointing Abraham, Fruchter & Twersky, LLP as lead counsel). Abraham, Fruchter & Twersky LLP's firm resume has been submitted for the Court's convenience. *See* Vianale Decl. Ex. C.

## CONCLUSION

In light of the foregoing, the University of Puerto Rico Retirement System respectfully requests that the Court: (i) appoint the University of Puerto Rico Retirement System as Lead Plaintiff; (ii) approve the System's selection of the law firm of Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel; and (iii) grant such other and further relief as the Court may deem just and proper.

DATED: June 20, 2017                            Respectfully submitted,

By: s/Julie Prag Vianale
Julie Prag Vianale
**VIANALE & VIANALE LLP**
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel. (561) 392-4750
Fax. (561) 961-5191
JVianale@vianalelaw.com

**ABRAHAM, FRUCHTER AND TWERSKY, LLP**
Mitchell M.Z. Twersky (*Pro Hac Vice* forthcoming)
Atara Hirsch (*Pro Hac Vice* forthcoming)
Lawrence D. Levit (*Pro Hac Vice* forthcoming)
Matthew E. Guarnero (*Pro Hac Vice* forthcoming)
One Penn Plaza, Suite 2805
New York, New York 10119
(212) 279-5050
(212) 279-3655 (fax)
MTwersky@aftlaw.com
AHirsch@aftlaw.com
LLevit@aftlaw.com
MGuarnero@aftlaw.com

*Counsel for University of Puerto Rico Retirement System and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of June, 2017 I filed the foregoing using the court's ECF system which will cause a true and correct copy to be sent to counsel for all parties of record.

By: s/Julie Prag Vianale
Julie Prag Vianale
**VIANALE & VIANALE LLP**
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel. (561) 392-4750
Fax. (561) 961-5191
jvianale@vianalelaw.com

*Proposed Local Counsel*