UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:17-cv-80500-RLR

KAREN A. CARVELLI, Individually and
on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

OCWEN FINANCIAL CORPORATION,
RONALD M. FARIS, and MICHAEL R.
BOURQUE, JR

    Defendant.
_____/

**PLAINTIFFS' AGREED-TO MOTION FOR AN EXTENSION OF TIME TO FILE AN AMENDED, CONSOLIDATED COMPLAINT AND ASSOCIATED FILINGS**

    Lead Plaintiff the University of Puerto Rico Retirement System (the "UPR Retirement System") on behalf of itself and the proposed class ("Plaintiffs"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 6(b)(1)(A), hereby files this Agreed-To Motion for an Extension of Time to File an Amended, Consolidated Complaint and Associated Filings, and in support thereof states as follows:

    1.    The UPR Retirement System was appointed as Lead Plaintiff in this action on July 14, 2017.

    2.    By order of the Court, the Plaintiffs' Amended, Consolidated Complaint is due on July 24, 2017. *See* ECF No. 32. The Defendants (defined below) are required to move or otherwise respond within ten days of the filing of the Amended, Consolidated Complaint. *Id*.

    3.    In order for the Plaintiffs and Defendants to effectively litigate this case the parties have agreed to: (i) allow the Plaintiffs thirty (30) days from the date the UPR Retirement

System was appointed Lead Plaintiff, i.e., July 14, 2017, to file an Amended, Consolidated Complaint; (ii) allow Defendants thirty (30) days from the date of filing the Amended, Consolidated Complaint to answer or otherwise respond to the Amended, Consolidated Complaint; (iii) allow Plaintiffs thirty (30) days to respond to the filing of any motion to dismiss by Defendants; and (iv) allow Defendants fifteen (15) days from the date of Plaintiffs' response to reply.

4.     The Private Securities Litigation Reform Act of 1995 (the "PSLRA") imposes a heightened pleading standard on Plaintiffs, requiring plaintiffs to (i) specify each misleading statement, (ii) set forth the facts on which a belief that a statement is misleading was formed; and (iii) state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005).  Plaintiffs believe that in the above-captioned case, Ocwen Financial Corporation ("Ocwen"), its subsidiaries, and related entities must be thoroughly investigated. Plaintiffs contend that this investigation will require the Plaintiffs to hire factual investigators who will interview witnesses. Plaintiffs further contend that the investigator, with the assistance of Plaintiffs' counsel, will need to identify potential witnesses, locate them and then attempt to interview them.  Many times, an investigator must make multiple attempts to interview someone even after locating the correct witness. These activities frequently require several weeks for a thorough investigation to be conducted. *See* Declaration of Lawrence D. Levit in Support of the Agreed-to Motion ¶¶ 5-9.

5.     Additionally, the class period for the Amended, Consolidated Complaint must be determined. Currently, there are two different class periods filed in two separate complaints. Plaintiffs believe they must determine which class period is more beneficial to the Class and whether Defendants' liability is strongly supported by the facts applicable to that class period.

Whichever class period Plaintiffs determine to be the most supportable, Plaintiffs contend that they will need to retain a damages expert, who will conduct an analysis of the class period events and determine whether loss causation and damages exist for the applicable period.

6. Moreover, this is a complex case involving multiple financial transactions, which, among other things, will require the hiring of financial accounting experts. Thus, to draft an Amended, Consolidated Complaint that will meet the heightened PSLRA standard, Plaintiffs require more time to conduct a thorough and complete investigation of Ocwen, Ronald M. Faris ("Faris"), and Michael R. Bourque Jr. (collectively "Defendants").[1]

7. Defendants' counsel currently represents Ocwen and Mr. Faris, as well as former Ocwen Executive Chairman William C. Erbey, in a securities class action titled *In re Ocwen Financial Corporation Securities Litigation*, No. 9:14-cv-81057-WPD. Trial is currently set to commence in that action on July 24, 2017 or shortly thereafter and is expected to last at least two weeks, possibly as long as four weeks. *See* Declaration of Jonathan M. Wagner ¶ at 4-5. Defendants contend that the current schedule in this action will cause substantial hardship to the Defendants and Defendants' counsel. *Id.* at ¶ 6. In addition, the attorneys representing Defendants in this action contend that they are the attorneys who are most familiar with the legal and factual issues raised in Plaintiffs' pleading in this matter and it would cause substantial hardship for Defendants to substitute new lawyers to represent them in connection with a response to Plaintiffs' prospective amended pleading,

---

[1] Additionally, the time requested by Plaintiffs is substantially less than other extensions granted in this District for similar cases. *See e.g., In re KLX Inc. Shareholder Litigation*, No. 9:16-cv-80023-RLR ECF No. 40 (S.D. Fla. Apr. 19, 2016) (granting plaintiffs 60 days from the date of the lead plaintiff order to submit an amended complaint); *In re Digital Domain Media Group, Inc. Securities Litigation*, No. 2:12-cv-14333-JEM ECF No. 54 (S.D. Fla. Jul. 29, 2013) (granting plaintiffs 40 days from the date of the order to submit a consolidated amended complaint).

8. In accordance with Local Rule 7.1(a)(3) the undersigned counsel for the Plaintiffs has conferred with Defendants' counsel and Defendants agree to the relief sought herein.

9. This request for an extension of time is being made in good faith and is not being made for dilatory purposes.

10. No party will be prejudiced by the granting of the relief requested herein.

11. Pursuant to Local Rule 7.1(a)(2), attached to the Declaration of Julie Vianale in Support of the Agreed-to Motion as "Exhibit 3" is a Proposed Order.

DATED: July 17, 2017,                    Respectfully Submitted

By:/s/Julie Prag Vianale_____
Julie Prag Vianale (FBN 0184977)
**VIANALE & VIANALE LLP**
Ken Vianale (FBN 0169668)
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel. (561) 392-4750
Fax. (561) 961-5191
Jvianale@vianalelaw.com
Kvianale@vianalelaw.com

*Local Counsel for the Class*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Mitchell M.Z. Twersky (admitted *Pro Hac Vice*)
Atara Hirsch (admitted *Pro Hac Vice*)
Lawrence D. Levit (admitted *Pro Hac Vice*)
Matthew E. Guarnero (admitted *Pro Hac Vice*)
One Penn Plaza, Suite 2805
New York, New York 10119
Tel. (212) 279-5050
Fax. (212) 279-3655
MTwersky@aftlaw.com
AHirsch@aftlaw.com
LLevit@aftlaw.com
MGuarnero@aftlaw.com

*Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that on this 17th day of July, 2017, she filed the foregoing document using the Court's CM-ECF filing system, which will cause a true and correct copy to be served by email on the below counsel:

| | |
|---|---|
| **KRAMER LEVIN NAFTALIS & FRANKEL, LLP**<br>John P. Coffey<br>Jonathan M. Wagner<br>Jason M. Moff<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Tel. (212) 715-9456<br>Scoffey@kramerlevin.com<br>Jwagner@kramerlevin.com<br>Jmoff@kramerlevin.com<br><br>*Counsel for Defendants* | **GREENBERG TRAURIG**<br>Jeffrey Allan Hirsch<br>401 E Las Olas Boulevard, Suite 2000<br>Fort Lauderdale, Florida 33301<br>Tel. (954) 765-0500<br>hirschj@gtlaw.com<br><br>*Counsel for Defendants* |

By: s/Julie Prag Vianale
Julie Prag Vianale
**VIANALE & VIANALE LLP**
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel. (561) 392-4750
Fax. (561) 961-5191
jvianale@vianalelaw.com