**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**9:17-cv-80500-ROSENBERG/HOPKINS**

KAREN A. CARVELLI, individually
and on behalf of
all others similarly situated,

    Plaintiff,

v.

OCWEN FINANCIAL
CORPORATION, RONALD M.
FARIS, and MICHAEL R.
BOROQUE JR.,

    Defendants.
_____/

**ORDER OVERRULING OCWEN INVESTOR GROUP'S OBJECTION TO THE MOTION DATED JULY 14, 2017 REGARDING THE APPOINTMENT OF LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL**

    This is a class action securities case. Following a referral under 28 U.S.C. § 636(b)(1)(A), Magistrate Judge James Hopkins appointed University of Puerto Rico Retirement System ("UPR") lead plaintiff and approved UPR's choice of lead counsel pursuant to Federal Rule of Civil Procedure 72(a). DE 56. Movants Randy McElhanon and Ryan Huseman (collectively "Ocwen") had vied with UPR for selection as lead plaintiff. Ocwen filed Objections to Judge Hopkins' Order, urging this Court to overturn his decision. DE 61. UPR responded in opposition to Ocwen's objections. DE 64, The Court has considered Judge Hopkins' Order, Ocwen's Objections, UPR's Response, the record, and is otherwise advised in the premises. For the reasons outlined below, the Court now **OVERRULES** Ocwen's objections.

I. **LEGAL STANDARD**[1]

The distinction between dispositive and nondispositive matters is at the heart of Federal Rule of Civil Procedure 72, which governs the authority of magistrate judges. A magistrate judge may enter an order deciding "a pretrial matter not dispositive of a party's claim or defense." Fed R. Civ. P. 72(a). However, the district court must consider proper objections and "modify or set aside" any portion of the magistrate judge's order that "is clearly erroneous or is contrary to law." *Id.* Dispositive matters are treated differently. If a magistrate judge hears "a pretrial matter dispositive of a claim or defense" without the parties' consent, he or she may only "enter a recommended disposition." *Id.* at 73(b)(1). The district court must then determine *de novo* any part of the magistrate judge's disposition that is properly objected to. *Id.* at 72(b)(3).

The Court referred Ocwen's Motion for Appointment as Lead Plaintiff and for Approval of Lead Counsel and UPR's Motion for Appointment as Lead Plaintiff and for Approval of Lead Counsel to Magistrate Judge Hopkins "for appropriate disposition" pursuant to 28 U.S.C. § 636(b)(1)(A). DE 41. No bright line separates "dispositive" matters from "nondispositive" ones. But district courts have treated similar motions as nondispositive, referring them to magistrate judges for decision pursuant to FRCP 72(a). *See, e.g.*, *In re Comverse Tech., Inc. Derivative Litigation*, No. 2006 WL 3511375, at *2 (E.D.N.Y. Dec. 5, 2006) (approving referral of motion to appoint lead counsel and lead plaintiff to magistrate judge for decision pursuant to FRCP 72(a)). Judge Hopkins handled the referral in accord with FRCP 72(a), entering an Order Regarding Appointment of Class Action Lead Plaintiff and Counsel on July 14, 2017. DE 56.

---

[1] A thorough recitation of the facts is contained in Judge Hopkins' Order. Accordingly, the Court declines to repeat the facts here.

Although Ocwen's objections acknowledge that FRCP 72(a) applies here, Ocwen also insists the Court must review Judge Hopkins' application of the law *de novo*. *See* DE 61 at 7 n.2, 8, 13, 16, 16 n.7, 24. Only once does Ocwen provide a citation for this proposition—that citation is to an Eleventh Circuit case explaining the abuse of discretion standard for reviewing, on interlocutory appeal, a district court's decision to issue a preliminary injunction. *See id.* at 13 (citing *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002)).

Because FRCP 72(a) applies, the Court will consider whether any objected-to aspect of Judge Hopkins' Order "is clearly erroneous or contrary to law." A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure. *Tolz v. Geico Gen. Ins. Co.*, No. 08-cv-80663, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010).[2]

## II.   ANALYSIS

Under the Private Securities Litigation Reform Act ("PSLRA"), the selection of lead plaintiff is governed by the rebuttable presumption that the "most adequate plaintiff" is the "person or group" that: "(aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78(u)-4(a)(3)(B)(iii). This presumption may be rebutted "only

---

[2] Ocwen reasons that the Court "must review the Order's analysis *de novo*" because "[t]he Order does not apply the framework of the PSLRA . . ." DE 61 at 16. However, the failure to apply or misapplication of the PSLRA would be covered by the "contrary to law" standard.

upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Judge Hopkins found that both Ocwen and UPR "either filed the complaint or made a motion in response to a notice." This point is undisputed. Ocwen's objections (like Judge Hopkins' analysis) focus on the second factor—the size of the competing lead plaintiffs' financial stakes in the litigation. Judge Hopkins' Order acknowledges that Ocwen has the "largest financial interest" in the litigation, but "'declines to apply the presumption typically afforded the 'largest financial interest.'" DE 56 at 11. Ocwen argues strenuously that the decision not to employ the presumption is reversible error. It is not.

Judge Hopkins' Order relies heavily on *Randall v. Fifth Street Finance Corp.*, No. 2016 WL 462479, at *2 (S.D.N.Y. Feb. 1, 2016). In *Randall*, the district court declined to apply the presumption that the most adequate lead plaintiff is the one with the largest financial interest. It also declined to consider the individual movant's losses in the aggregate because they "appear[ed] to be complete strangers brought together by their proposed counsel in an effort to maximize their combined losses." *Id.* Crediting the individual movants' arguments about the proper calculations, the difference between the institutional investor's alleged loss and the loss of the most impacted individual investor was $19,833.00. The district characterized the difference as so "insubstantial" that there was no longer good reason to credit a presumption grounded in the amount of loss.

Ocwen argues that because the Order does not contain a finding of fact as to which movant had the "largest financial interest," this Court must make such a determination *de novo*.

4

Not so. Just Hopkins found that "regardless of the method of calculation," the difference in the losses incurred was "minimal." DE 56 at 11. It does appear Judge Hopkins did not aggregate the individual movants' losses for purposes of his calculation. For example, he states: "*Randall* is [] significant because of the Court's refusal to allow the two individual investors to pool their losses to ensure the largest financial interest." DE 56 at 9. Judge Hopkins also cites, as one of the Court's reasons for declining to apply the presumption, "the fact that the difference in the losses incurred by *McElhanon* and UPR are "minimal (regardless of the method of calculation)." DE 56 at 11 (emphasis added).

Even assuming *arguendo* that Judge Hopkins ought to have aggregated the individual movants' claims for purposes of his calculation, Judge Hopkins' conclusion that the difference in losses was "minimal" would still be supportable given existing case law. Using the figures and methods Ocwen urges leads to the conclusion that UPR lost $131,758.64, whereas McElhanon and Huseman suffered a combined loss of $190,161.31. DE 61 at 18. The result: Ocwen lost $58,402.67 more than UPR. The cases cited by Judge Hopkins support the proposition that this difference, too, is small enough to shrink the persuasiveness of the presumption that the plaintiff with the largest financial interest is the most adequate. *See Juliar v. Sunopta Inc.*, No. 08–cv–933 (PAC), 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) ("[Institutional investor] claims losses of $210,993, approximately $30,000 less than [individual investor group's] aggregated losses. This difference is minimal and, in this case, does not overcome a presumption inherent in Congress' enactment of the PSLRA that institutional investors serve as better lead plaintiffs."); *see also Freedman v. Weatherford Int'l Ltd.,* No. 12–cv–2121 (S.D.N.Y. July 10, 2012) (appointing institutional investor lead plaintiff over competing individual investor who allegedly lost $165,000 more during the class period, when institutional investor was more "sophisticated"

and had selected a larger, better-known law firm with extensive experience in securities litigation). Thus, Judge Hopkins' decision not to employ a presumption grounded in the parties' relative losses is not reversible error.

Ocwen also alleges Judge Hopkins erred by finding it would not fairly and adequately represent the class. The Court does not agree. The objections emphasize a long line of authority finding that aggregation is acceptable for purposes of lead plaintiff in private securities litigation. *See* DE 24. But Judge Hopkins acknowledged that authority. DE 56 at 9. The adequacy determination was based not on the general proposition that aggregation is unacceptable; rather, it was grounded in evidence demonstrating the attorney-driven nature of the aggregation in this case. In light of the district court cases cited by Judge Hopkins crediting similar arguments, the Court is not left with the definite and firm conviction that a mistake has been committed.

The Order states that Judge Hopkins' determination was informed by the five factors announced in *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388 (S.D.N.Y. 2008) for determining whether "members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers." *Id.* at 392. Judge Hopkins explicitly found, based on testimony at the hearing, that only one of the five was satisfied. *See* DE 56 at 11. Accordingly, the Court is not persuaded by Ocwen's argument that Judge Hopkins' conclusion is not supported by adequate "proof."

Ocwen also protests the Order's conclusion that "McElhanon, who, if appointed, would have complete decision-making authority for the class, exposed himself as patently unfair to control counsel or lead the class." Judge Hopkins reasoned: "McElhanon's claim that he was an unwitting petitioner in bankruptcy court, while simultaneously admitting that the sole purpose of the petition was to fraudulently avoid foreclosure, suggests that he is at best naïve and lacking

6

the awareness and ethical standards to perform his role." *Id.* The Court recognizes that "in the context of complex securities litigation, attacks on the adequacy of the class representative based on the representative's ignorance or credibility are rarely appropriate." *Koppel v. 4987 Corp.*, 191 F.R.D. 360, 369 (S.D.N.Y. 2000) (citation omitted). But, having reviewed Mr. McElhanon's testimony, the Court does not find Judge Hopkins' conclusion was "clearly erroneous or contrary to law." This is particularly true because Mr. McElhanon's testimony surrounding his bankruptcy was only one component of Judge Hopkins' adequacy determination. Having found no reversible error in the portions of Judge Hopkins' Order discussed above, the Court need not explore Ocwen's arguments that it satisfies the requirements of FRCP 23.

### III.   CONCLUSION

For the reasons discussed above, Ocwen's Objections are **OVERRULED.**

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 11th day of August, 2017.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record